IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN FERRARA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-3013 |
| | : | |
| v. | : | |
| | : | |
| PATRICIA PIAZZA; UNKNOWN PAROLE OFFICER; PAROLE AGENT ROGERS; SUPERVISOR DELUCA; STATE PAROLE OFFICE; and PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

**AND NOW**, this 28th day of October, 2022, after considering the application for leave to proceed *in forma pauperis* (Doc. No. 1) and complaint (Doc. No. 2) filed by the *pro se* plaintiff, John Ferrara ("Ferrara"); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED**, and the plaintiff has leave to proceed *in forma pauperis*;

2. The complaint (Doc. No. 2) is **DEEMED** filed;

3. The following claims are **DISMISSED**:

    a. Ferrara's claims against the defendants, the State Parole Office, the Pennsylvania Board of Probation and Parole, and Patricia Piazza, are **DISMISSED WITH PREJUDICE**; and

        b.      Ferrara's claims against the defendants, Parole Agent Rogers and Supervisor DeLuca, based on his conditions of parole, *i.e.*, the imposition of a GPS ankle monitoring device, are **DISMISSED WITHOUT PREJUDICE**;

4.      Ferrara has **thirty (30) days** from the date of this order to file an amended complaint if he can allege additional facts to state a plausible claim against those defendants dismissed without prejudice. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Ferrara's claims against each defendant, and shall bear the title "Amended Complaint" and the case number No. 22-3013. **<u>If Ferrara files an amended complaint, his amended complaint must be a complete document that includes all the bases for Ferrara's claims, including claims that the court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case. This means that if Ferrara wants to proceed on his excessive force claim against the unknown parole officer in an amended complaint, he must reallege the claim in full in the amended complaint.</u>** When drafting his amended complaint, Ferrara should be mindful of the court's reasons for dismissing his claims as explained in the court's separately filed memorandum opinion. Upon the filing of an amended complaint, the clerk of court shall not make service until so ordered by the court;

5.      The clerk of court is **DIRECTED** to **SEND** Ferrara a blank copy of this court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Ferrara may use this form to file his amended complaint if he chooses to do so;[1]

---

[1] This form is available on the court's website: https://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

6. Should Ferrara choose not to file an amended complaint, the court will direct service of his complaint and **ONLY** his excessive force claim against the unknown parole officer will proceed and be served on the State Parole Office as a placeholder for the unknown parole officer. Ferrara may also notify the court that he seeks to proceed on only his excessive force claim rather than file an amended complaint. If he files such a notice, Ferrara is reminded to include the case number for this case, No. 22-3013; and

7. The time to serve process under Rule 4(m) of the Federal Rules of Civil Procedure is **EXTENDED** to the date 90 days after the court issues summonses in this case if summonses are issued.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.